## Feldman v. Seligman & Latz, Inc.

*John Wirtzman*, for plaintiff.

*Kim Darragh* and *George Y. Meyer*, for defendant.

MONTGOMERY, J., January 17, 1957.—In this action of trespass, plaintiffs seek damages for injuries to wife-plaintiff's head and for damage to her hair allegedly resulting from a "hot-oil shampoo" treatment administered by defendant, Seligman and Latz, Inc., operators of a beauty salon in the store of the other defendant, Joseph Horne Company.

For discovery purposes, defendants issued and served a subpœna on Dr. H. I. Miller, a physician who attended wife-plaintiff for her injuries. Plaintiffs filed an objection to the subpœna which objection was overruled by the pretrial judge with the allowance of an exception to plaintiffs. The matter is now before the court en banc on that exception.

Plaintiffs' objection to the taking of the deposition is based on the following reasons: (1) The discovery rules do not permit the taking of depositions of doctors for purposes of discovery; (2) if discovery is authorized, it should be accomplished by written interrogatories and not by oral examination.

Plaintiffs' objection has no foundation. Pa. R. C. P. 4007 provides for the taking of testimony of any person including a party and nowhere in the rules can there be found any exception of doctors or other professional persons. So long as the testimony is not privileged, is relevant and will give substantial aid in the preparation of the pleadings or the preparation for trial of the case, it may be taken unless Pa. R. C. P. 4011 has an application and limits it.

Damages are relevant and information concerning them is of substantial assistance in the preparation for trial, as has been found in many cases. See cases

cited under section 4007 ($a$)-22. Damages in Goodrich-Amram Civil Practice, pages 126-27. Plaintiffs' counsel contends that physical examination of his client is all that defendants require to aid in the preparation of their case. However, it requires little consideration of the matter to show that an attending physician who observes the patient regularly during treatments acquires much more information about him or her than another physician can acquire by a single examination made at a late date. Defendants would be entitled to this additional information.

Plaintiffs' counsel further contends that Pa. R. C. P. 4011 prevents the taking of Dr. Miller's deposition because it would cause unreasonable annoyance of the doctor, unreasonable expense and serious oppression to members of the medical profession who specialize in making medical examinations for insurance carriers. It must be admitted that the taking of the deposition of anyone prior to trial or the appearance of a witness at trial causes annoyance, expense, oppression and often embarrassment. However, it is only when such things reach the proportions of unreasonableness that Pa. R. C. P. 4011 has any application. It may be that in the case of busy doctors, the annoyance, etc., is greater than to other persons but this is problematical and must be considered in each case. If they reach the unreasonable state, the court may prevent the taking of the oral deposition and limit the discovery proceedings to written interrogatories or deny them completely. The present case is not such an instance. Plaintiff seeks the denial of discovery privileges on general principles and not for any reasons peculiar to Dr. Miller.

Plaintiffs' objection might easily be overcome if he would voluntarily provide defendants with a comprehensive doctor's report on his condition. This report could cover the results of examinations, the course of

treatment and the results secured and omit the doctor's opinions and prognosis. However, under the procedural rules, there appears no authority on the part of the court to compel such action on plaintiffs' part. Plaintiffs' counsel suggests that if he should provide such a report that defendant should, in turn, provide plaintiff with a copy of the report of its examining physician. Here again the court is without authority to compel this. In fact since such examination by defendants' doctor would be in preparation for trial, the court would be denied the power to compel it under Pa. R. C. P. 4011(*d*).

The "privileged" nature of the doctor's testimony is not involved: Act of June 7, 1907, P. L. 462, sec. 1, 28 PS §328: Massich v. Keystone Coal and Coke Company, 137 Pa. Superior Ct. 541.

Since Dr. Miller has not resisted the subpœna, or made demand for payment for giving his testimony, there is no need for this court to consider anything except the question previously discussed. Therefore, it must be concluded that the action of the trial court in dismissing plaintiff's objection to the taking of the oral deposition of their attending physician was proper; and their exception to the order of the pretrial judge will be dismissed.

### Order of Court

And now, to wit, January 17, 1957, the within matter having come before the court en banc on the exception ex parte plaintiffs to the order of Montgomery, J., pretrial judge, dismissing their objection to the taking of the oral deposition of Dr. Harry I. Miller, their attending physician, after oral argument and consideration of briefs, the exception is hereby dismissed, and defendants may proceed forthwith with the taking of the oral deposition of Dr. H. I. Miller in accordance with the prior order of the pretrial judge.

Eo die exception noted to plaintiffs and bill sealed.